IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JAMES RUST and PAMELA RUST,

    Plaintiffs,

CASE NO.:

-vs-

EXETER FINANCE CORPORATION,

    Defendant.

## COMPLAINT

Plaintiffs, JAMES RUST and PAMELA RUST, by and through their undersigned counsel, sue the Defendant, EXETER FINANCE CORP., and in support thereof respectfully alleges the following:

1. Plaintiffs allege violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies like EXETER FINANCE CORP., from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone

subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6. This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA and/or by F.S. § 47.011 and/or by 28 U.S.C. § 1332, diversity jurisdiction.

8. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9. Venue is proper in this District because the Plaintiffs reside in this District (Sumner County), the phone calls were received in this District, and the Defendant transacts business in Sumner County, Tennessee.

## FACTUAL ALLEGATIONS

10. Plaintiffs are natural persons, and citizens of the State of Tennessee, residing in Sumner County, Tennessee, and reside in this District.

11. Defendant is corporation with a principal place of business and/or office for transacting its business located at 222 W. Las Colinas Blvd., Suite 1800, Irving, TX 75039

12. Defendant has a registered agent in Tennessee: Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203

13. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Sumner County, Tennessee, by the Defendant's placing of illegal calls to Sumner County, Tennessee.

14. Defendant, at all material times, was attempting to collect on a vehicle loan account, (hereinafter the "subject account"), which was issued and serviced by Defendant.

15. Defendant knowingly and/or willfully harassed and abused Plaintiffs on a constant basis by calling Plaintiffs' cellular telephone number up to seven (7) times a day from approximately January 1, 2015 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. Plaintiffs also received over twenty (20) pre-recorded messages on their cell phone after revocation. The pre-recorded messages stated: "Hello, this is a message from Exeter Finance Corp., please contact us using our toll free number 1-800-321-9637…"

17. Upon information and belief, some or all of the calls the Defendant made to Plaintiffs' cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer

calls"). Plaintiffs will testify that they heard a pause before being connected to Defendant's representative. Plaintiffs will also testify that some, if not all of the voice-message recordings they received on their cell phone were pre-recorded. The vast number of calls also lead the Plaintiffs to believe that an ATDS is being used.

18. All calls to the Plaintiffs' cell phone were made after they revoked consent to be called and therefore without express consent. Plaintiffs requested several times for the calls to stop. Each of the autodialer calls the Defendant made to Plaintiffs' cellular telephone number after January 1, 2015, was done so after they had revoked any "alleged" consent and without the "prior express consent" of the Plaintiffs.

19. Plaintiffs are the subscribers, regular users and carriers of the cellular telephone number, (615) ***-3753, and were the called party and recipients of Defendant's autodialer calls.

20. The autodialer calls from Defendant came from the telephone numbers including but not limited to 800-321-9637 and when that number is called, an automated voice answers and identifies itself as "EXETER FINANCE CORP."

21. After receiving numerous autodialer calls since January, 2015 to their cellular telephone number from Defendant, Plaintiffs had a conversation with Defendant's representative in August, 2015 during which they again asked the representative to stop calling their cellular telephone number. Defendant's representative stated they could call as much as they want as they believed they were calling a home phone. Plaintiff James Rust informed them that they were calling his cellular telephone number and to cease calling.

22. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

23. The autodialer calls from Defendant continued, at times, seven (7) times a day from January, 2015, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

24. Plaintiffs estimate they have received over three hundred (300) calls since initial revocation and one hundred (100) calls since their last conversation/revocation with Defendant's representative in late August, 2015.

25. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

26. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond January, 2015 when Plaintiffs advised Defendant to stop calling.

27. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiffs, despite the individual, like Plaintiff, advising Defendant to stop calling.

28. Defendant's corporate policy provided no means for the Plaintiffs to have their cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiffs.

33. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

34. Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people or people who have revoked consent to be called.

35. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

36. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

37. Due to Defendant's constant autodialer calls and demands for payment Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

38. Plaintiffs re-alleges and incorporates Paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39. None of Defendant's autodialer calls placed to Plaintiffs cell phone were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

40. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiffs' cellular telephone number after Plaintiffs revoked consent to be called and without Plaintiffs' prior express consent as they revoked consent to have the Defendant contact them using a predictive dialer, ATDS, prerecorded message or an artificial voice.

41. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiffs' cellular telephone after Plaintiff notified Defendant in July, 2015 that they did not want to be called, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact him.

42. Defendant repeatedly placed non-emergency telephone calls to Plaintiffs' cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without

Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiffs respectfully demands a trial by jury on all issues so triable and judgment against Defendant, EXETER FINANCE CORP., for statutory damages, actual damages, treble damages, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/ Jennifer Miller*
Jennifer L. Miller , Esquire (BPR No.: 21392)
Morgan & Morgan
40 S. Main Street, Suite 2600
One Commerce Square
Memphis, Tennessee 38103
(901) 217-7000 phone
(901) 333-1897 fax
jenniferm@forthepeople.com
Attorney for Plaintiff

And

*s/ Octavio Gomez*
Octavio "Tav" Gomez, Esquire
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 222-4725
Florida Bar No.:0338620
TGomez@ForThePeople.com
Attorney for Plaintiff
*Application for Pro Hac Vice to be Filed*